# Commonwealth v. Kelly, Jr.

*Edward G. Biester, Jr.,* Assistant District Attorney, and *Paul R. Beckert,* District Attorney, for Commonwealth.

*Leonard J. D. Myers,* for defendant.

SATTERTHWAITE, J., May 22, 1961.—Defendant was indicted and tried before a jury on two charges: First, operating a motor vehicle while under the influence of intoxicating liquor, and second, resisting arrest. At the close of the Commonwealth's case, the trial judge sustained a demurrer to the second count, and after further testimony, argument and instructions, the jury convicted defendant on the first count. Defense counsel filed motions for a new trial and in arrest of judgment which, after many postponements to enable defendant to obtain new counsel, trial counsel having withdrawn, were finally argued more than a year after verdict. On April 14, 1961, defendant's respective motions were denied by the court by order filed without opinion. On April 28, 1961, defendant appeared as he had been directed and was sentenced by reason of said conviction to the Bucks County Prison for violation of parole for 313 days, being the unserved balance of a sentence of not less than 10 days nor more than 364 days previously imposed on indictment no. 154, September sessions, 1958, the within offense having occurred while he was still on parole therefrom, plus an additional consecutive term of 30 days on the instant indictment.

We are now informed that defendant has filed an appeal to the Superior Court, apparently from the judgment of sentence imposed on the within bill, and this opinion is prepared and filed to set forth the reasons for the denial of defendant's motions for new trial and in arrest of judgment as required by Superior Court Rule 43. The only questions involved are the sufficiency and weight of the evidence to justify the conviction, other reasons in the motion for new trial having been abandoned and not argued.

The offense occurred about 8:30 o'clock in the evening of September 20, 1959, after nightfall. Defendant was apprehended after he had been followed and

"clocked" by the police officers for about a half mile at a speed of 58 miles per hour and in the course of which his car was weaving from one side to the other of the two-lane road he was traveling. After he was stopped, officer Meehan went to his car, observed that he was behind the wheel and the lone occupant, asked for his cards which were produced, smelled the odor of alcohol and requested him to get out of the car and take a few steps. As defendant did so, officer Meehan saw that his eyes were glassy, that he staggered as he walked and "wavered" from side to side when he stood still, that his speech was thick and belligerent in tone and manner. The officer, believing that defendant was under the influence of intoxicating liquor, requested defendant to lock his car and come with him. As defendant started to do so, he suddenly jumped back, stated something to the effect that the officers would have to put him in the hospital first, and then ran off into a neighboring field and wooded area where he was found and taken into custody some 15 minutes to a half hour later after officer Meehan had summoned other officers to assist in the search.

Defendant then was taken to police headquarters where he continued to be belligerent and refused to answer questions. As officer Meehan made out the arrest report, defendant was pacing back and forth, and eventually ran out the door of the police station. Sergeant Michaels followed in pursuit and brought him down with a tackle some 100 yards away. He was then secured and taken to a justice of the peace before whom the within charges were lodged by officer Meehan.

Officer Meehan was accompanied in the police car by his partner, officer Smith, at the time defendant was originally followed, stopped and questioned. Meehan

and Smith, Bensalem Township policemen, had been engaged in conversation with officer Henshaw, a member of the police department of adjoining Lower Southampton Township, when defendant's speeding car first attracted their attention as it proceeded along the road, which was the township line. Henshaw followed Meehan and Smith in the pursuit and all three were present when Meehan interviewed defendant after stopping him. Still other officers were summoned to the scene by radio to participate in the search after defendant had run into the woods. Officers Meehan and Smith both expressed the opinion that defendant was under the influence of intoxicating liquor. The other officers were not asked for their opinions on this subject, with the exception of Sergeant Michaels who confirmed the odor of alcohol on defendant's breath but disclaimed opportunity to form judgment of his sobriety since he had not seen defendant walk unassisted.

The defense offered the testimony of defendant and his father concerning the former's activities during the afternoon and evening in question and offering to show that, although he had consumed some beer, the exact time and amount of which was uncertain, nevertheless, he was not intoxicated. A sharp conflict arose between the evidence of defendant and that of the Commonwealth over the time of day of the incident; and collateral matters offered by defendant in support of his version, as well as the limited amount of beer available at his father's home, brought forth rebuttal evidence from the Commonwealth impeaching defendant's credibility on those subjects. It is also significant that defendant himself did not unequivocally deny that he was under the influence of intoxicating liquor. When asked by his own counsel whether he felt that he was under the influence of alcohol to such a degree as to make him unfit to operate the automobile, he

did not give a categoric answer to even this inconclusive question, contenting himself with the reply "I don't see where I was."

In passing upon a motion in arrest of judgment under the Act of June 15, 1951, P. L. 585, 19 PS §871, we are required to test the sufficiency of the evidence to sustain the conviction by considering the entire record, viewing the same in the light most favorable to the verdict: Commonwealth v. Boden, 399 Pa. 298, 301; Commonwealth v. Mitchell, 181 Pa. Superior Ct. 225, 227. In so doing, we believe that the foregoing brief summary of the record clearly demonstrated that the case was for the jury. We also are convinced that the verdict was amply supported by the weight of the evidence. The arguments of counsel in opposition thereto are all such as would be, and largely were, addressed to the jury, but none of them are persuasive that the jury's rejections thereof was arbitrary, capricious or unjustified by the evidence.

Contrary to the position apparently assumed by defendant's present counsel, the law does not require the Commonwealth to show that defendant was drunk, or intoxicated, or unable to drive his automobile safely; it need only prove beyond a reasonable doubt that defendant was operating a motor vehicle while under the influence of intoxicating liquor: Commonwealth v. Horn, 395 Pa. 585, 590. The latter phrase "under the influence of intoxicating liquor" includes not only the well known and easily recognized conditions and degrees of intoxication, but any abnormal, mental or physical condition which is the result of indulging in any degree in intoxicating liquors, and which tends to deprive one of that clearness of intellect and control of himself which he would otherwise possess: Commonwealth v. Mummert, 183 Pa. Superior Ct. 638, 641-42.

Defendant contends that the conviction cannot stand because there was no expert medical opinion that defendant was under the influence of intoxicants. It is true that he was not examined by a physician and that he admittedly had requested that this be done. It is also true that this circumstance was seized upon by trial counsel and argued to the jury to militate against the good faith and credibility of the prosecuting officers. But the jury quite obviously disagreed with the latter position under all the other evidence, and we do not believe they erred in so doing. In any event, the law makes no requirement that expert evidence be produced on this subject: Commonwealth v. Smith, 174 Pa. Superior Ct. 533.

Parenthetically, we wish to note that we do not condone the serious breach of ethical standards of candor and forthrightness committed by present counsel for defendant, not a member of this bar, in his brief. He cited the Smith case for the contention above stated, purporting to quote verbatim the language of the Superior Court in support thereof. In fact, the quoted language is the court's statement of appellant's position in that case, which was clearly and unmistakably revealed by the unquoted part of the same sentence, and which was specifically repudiated and denied by the very next sentence of the opinion. This unseemly advocacy would not be tolerated by our own bar, and we see no reason to let the matter go unnoticed merely because an outside attorney is involved.

The within opinion is directed to be filed and made a part of the record in the within case for consideration in the pending appeal.